UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN BOROIAN,            )<br>        Plaintiff    )<br>                                   )<br>v.                                )<br>                                   )<br>U.S. PROBATION OFFICER CARMEN P.  )<br>WALLACE,                   )<br>        Defendant    ) | C.A. No. 05-11373-GAO |

MEMORANDUM AND ORDER

For the reasons set forth below: (1) Plaintiff's Application to Proceed *in forma pauperis* (#3) is allowed; (2) Plaintiff's Motion for Appointment of Counsel (#2) is denied without prejudice; and (3) Summonses shall issue and the U.S. Marshal shall bear all costs of service.

BACKGROUND

On June 27, 2005, Plaintiff Martin Boroian, a resident of Andover, Massachusetts, filed a *pro se* complaint seeking an Order from this Court directing the Defendant United States Probation Office, and Defendant Probation Officer Carmen P. Wallace, to withdraw their June 8, 2005 Order to him to submit to DNA testing in Boston, MA, scheduled for June 30, 2005. The test was ordered pursuant to the DNA Analysis Backlog Elimination Act of 2000 (DNA Act), 42 U.S.C. §§ 14135-14135e.

Plaintiff alleges that he was convicted in a criminal case in the District of Vermont, and is currently serving a one year probation sentence, under the supervision and jurisdiction of the United States Probation Office in Boston, MA. He claims that one month prior to his completion of probation, he was directed by the Defendants to undergo DNA testing. Plaintiff asserts that

such testing was not specifically ordered by the sentencing judge or delegated to the Probation Office. Plaintiff further alleges that the timing of the request for a DNA sample was made by the Defendants at this late date in order to deny him a meaningful opportunity to challenge the order. He further asserts that there is no individualized suspicion of wrongdoing to justify the order for a DNA sample. Finally, he claims that he did not commit any of the violent crimes encompassed in 42 U.S.C. § 141352. He claims that this order is effecting his health.

Accompanying his Complaint, Plaintiff filed an Application to Proceed *in forma pauperis* (#3) and a Motion for Appointment of Counsel (#2).

## DISCUSSION

I. The Application to Proceed In Forma Pauperis

In support of his request to waive the filing fee ($250.00), and in support of his Motion for Appointment of Counsel, Plaintiff submitted a completed Application to Proceed Without Prepayment of Fees, indicating that he has not been employed since 1987, has $20 in cash or savings, and has no other assets or income apart from Social Security Disability payments of $607.40 per month.

Accordingly, the Plaintiff has demonstrated he is without sufficient funds to pay the filing fee, and allows his Motion for Leave to Proceed *in forma pauperis* (#3).

II.    Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of counsel, claiming he is unable to afford to retain counsel and that he has made efforts to seek public defender assistance, but has been unsuccessful.

The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

While Plaintiff was granted *in forma pauperis* status, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel. However, it may well be appropriate to appoint counsel after a response by the Defendants has been filed.[1]

---

[1] The Criminal Justice Act (CJA) provides for appointment of counsel where, *inter alia*, a defendant is charged with a violation of probation, see Vol. 7, Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Chapter 2, Part A, § 2.01 A (1)(iii), or where a defendant is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release. Id. at § 2.01 A(1)(vi). In these circumstances, appointed counsel is paid with funds under the Criminal Justice Act. Plaintiff has not shown that in this civil action, he would qualify for CJA

Accordingly, the motion for appointment of counsel is Denied without prejudice to renewing after the Defendants have responded to the Complaint, and upon a showing of exceptional circumstances exist to warrant the appointment of counsel.

III.   Summonses Shall Issue

Plaintiff's asserted challenges to the order to submit to DNA testing raise, *inter alia*, Fourth Amendment unreasonable search and seizure considerations.[2]   See, e.g., United States v. Sczubelek, 402 F.3d 175 (3rd Cir. 2005).

Accordingly, this Court will permit summonses to issue at this time. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summons, complaint, and this order upon defendants as directed by plaintiff with all costs of service to be advanced by the United States.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1.   The Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed;

2.   The Plaintiff's Motion for Appointment of Counsel is denied without prejudice; and

3.   Summonses shall issue and the U.S. Marshal shall bear all costs of service of process on

---

counsel.  Absent authority to appoint CJA counsel, the Court may, in its discretion, appoint counsel pursuant to this Court's Plan for the Appointment of Counsel for Indigent Parties in Civil Cases (i.e., the "Pro Bono" Plan).  No funds are available for the payment of Pro Bono counsel.

[2]This action may be construed as a Bivens civil rights action.  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing cause of action enabling plaintiff to seek judicial relief against federal officers who allegedly violated his Fourth Amendment rights).

these defendant. Plaintiff is responsible for directing the U.S. Marshal with respect to service of process, and the clerk shall provide Plaintiff with USM Form 285 for completion by the Plaintiff and submission to the U.S. Marshal. Plaintiff is advised that failure to effectuate service of process in accordance with Fed. R. Civ. Proc. 4 may result in dismissal of this action.

SO ORDERED.

July 5, 2005                                            /s/ George A. O'Toole  
DATE                                                  GEORGE A. O'TOOLE  
                                                       UNITED STATES DISTRICT JUDGE