UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   |
MARTIN BOROIAN,                    |
        Plaintiff,                 |
                                   |
    v.                             |   C.A. No. 05-11373-GAO
                                   |
U.S. PROBATION DEPARTMENT          |
and U.S. PROBATION OFFICER         |
CARMEN PENA WALLACE,               |
        Defendants.                |
_____|

**I.   INTRODUCTION:**

Defendants United States Probation Department and United States Probation Officer Carmen Pena Wallace (collectively, the "Defendants"), submit this memorandum, together with the attached declaration,[1] in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND:**

On June 27, 2005, plaintiff Martin Boroian filed a *pro se* complaint seeking an order

---

[1] Defendants have attached to this memorandum as the Declaration of Erin Angelopolus in support of their argument in favor of dismissing Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3). See **Exhibit A**. The attachment of this additional material does not transform this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. See Gonzalez v. United States, et al., 284 F.3d 281, 287 (1st Cir. 2002). "[I]t is clear that the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiffs' claim." Id.; see also, Heinrich, 44 F.Supp.2d 408, 412 (D. Mass. 1999), citing Jones-Booker v. U.S., 16 F.Supp.2d 52, 58 (D.Mass. 1998)("[A] court ordinarily may not consider materials outside the pleadings on a Rule 12(b)(6) motion . . . but may consider such evidence on a Rule 12(b)(1) motion . . . ."); White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995) ("A court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)").

1

from this Court directing Defendants to withdraw their June 8, 2005, order for Plaintiff to submit to DNA testing in Boston, Massachusetts, on June 30, 2005.  See this Court's Memorandum and Order, dated July 5, 2005.  Plaintiff is allegedly serving a one-year probation sentence for a criminal conviction. (See Complaint, ¶ 6; Memorandum and Order, p. 1.)

On June 30, 2005 –just three days after filing his Complaint –Plaintiff **voluntarily appeared and provided both his DNA and fingerprints on June 30, 2005**.

### III.   LEGAL ARGUMENT:

**Plaintiff's Case Is Moot And Must Be Dismissed For Lack Of Subject Matter Jurisdiction.**

Under Article III, Section 2 of the United States Constitution, a federal court's constitutional authority extends  only to actual cases or controversies.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); McLaughlin by McLaughlin v. Boston School Comm, 952 F. Supp. 33 (D.Mass. 1996) ("The jurisdiction of a federal court . . . is limited by Article II of the Constitution . . . to deciding actual 'cases' or 'controversies' between parties having adverse legal interests.")  In order to satisfy the Article III case or controversy requirement, "a litigant must have suffered actual injury that can be redressed by a favorable judicial decision."  See U.S. Const. art. 3, § 2; Iron Arrow, 464 U.S. at 70, citing Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976).  Without such a case or controversy, the federal courts lack subject matter jurisdiction over the litigation and the case must be dismissed.  Fed. R. Civ. P. 12(h)(3)[2]; Iron Arrow, 464

---

[2]   Rule 12(h)(3) of the Federal Rules of Civil Procedure provides as follows: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

U.S. at 70, citing DeFunis, 416 U.S. at 316 ("Federal courts lack jurisdiction to decide moot cases . . . ."); McLaughlin, 952 F. Supp. At 35, citing Ex parte Baez, 177 U.S. 378, 390 (1900) ("Absent such a case or controversy, 'there is no subject matter jurisdiction on which the judgment of the court's order can operate,' . . . and the case must, therefore be dismissed").

In the instant case, Plaintiff filed a complaint on June 27, 2005, requesting that this Court issue an order directing Defendants to withdraw their June 8, 2005, Order for Plaintiff's submission to DNA testing in Boston, Massachusetts on June 30, 2005. (Complaint; Memorandum and Order, p. 1.) However, Plaintiff **voluntarily appeared and provided both his DNA and his fingerprints on June 30, 2005** –just three days after Plaintiff filed the instant complaint in this Court. (Exhibit A, ¶ 2.)[3]

As Plaintiff voluntarily provided his DNA on June 30, 2005, and as the time period for Plaintiff's requested relief (i.e., June 30, 2005) elapsed over four months ago, Plaintiff's complaint is now moot. See Fox v. Board of Trustees of SUNY, 42 F.3d 135, 137 (2nd Cir. 1994)(Students' challenge to state university regulation was dismissed as moot by students' graduation and/or discontinued enrollment at the university); Abdul-Akbar v. Watson, 4 F.3d 195, 206-207 (3rd Cir. 1993)(Prisoner's challenge to court access in a maximum security unit was rendered moot by his release from the unit); Ayers v. Coughlin, 780 F.2d 205, 210 (2nd Cir. 1985)(Prisoner's request for relief from solitary confinement was rendered moot by the expiration of the term of his solitary confinement); Tiverton Board of License Comm'rs v. Pastore, 469 U.S. 238, 238-239 (1985)(Supreme Court dismissed writ of certiorari as moot

---

[3]   Notwithstanding his voluntary appearance, Plaintiff has neither withdrawn nor voluntarily dismissed the instant Complaint to date.

where licensee had gone out of business).  Accordingly, this court, respectfully, lacks subject matter jurisdiction over the litigation and the case must be dismissed.  Fed. R. Civ. P. 12(b)(1), 12(h)(3); Iron Arrow, 464 U.S. at 70, citing DeFunis, 416 U.S. at 316; McLaughlin, 952 F. Supp. at 35.

**IV.   CONCLUSION**:

For the reasons stated herein, Defendants request that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

UNITED STATES PROBATION DEPT. &
UNITED STATES PROBATION OFFICER
CARMEN PENAL WALLACE,

By their attorney,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Gina Walcott-Torres
Gina Walcott-Torres
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

# EXHIBIT A

## DECLARATION OF ERIN ANGELOPOLUS

I, Erin Angelopolus, do hearby declare the following:

1. I am currently employed as a U.S. Probation Officer Assistant for the U.S. Probation Department, District of Massachusetts. I have worked in this capacity since June 2003. As part of my duties I coordinate the collection of DNA from qualifying offenders under supervision in the district.

2. On June 8, 2005 U.S.Probation Officer Carmen Wallace, assigned to the supervision of Martin Boroian, sent Mr. Boroian a letter (see attached) instructing him to report to the U.S. Probation Office, Boston on June 30, 2005 in order that he provide a DNA sample and be fingerprinted as part of the process. I assist the nurse, Ms. Kathy Hines, with the collection of the DNA by being present when the nurse withdraws the blood. In addition, I fingerprint the offender and complete the required paperwork. On June 30, 2005 I was present when Mr. Boroian provided his DNA and fingerprints.

Signed under the pains and penalty of perjury this date, October 13, 2005.

---------------------------
Erin Angelopolus, U.S. Probation
Officer Assistant

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Probation Office

**JOHN M. BOCON**  
Chief U.S. Probation Officer

499 Essex Street, 2nd Floor  
Lawrence, MA 01840-1269  
(978) 689-3653  
Fax - (978) 689-9067

June 8, 2005



Martin Boroian  
121 North Main St.  
Andover, MA 01810

### NOTICE OF SCHEDULED APPOINTMENT FOR DNA TESTING

Dear Mr. Boroian:

You were recently notified of legislation which was passed regarding Section 203 of Public Law 108-405 that amends 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. 1565(d) to expand the list of qualifying federal and military offenses that trigger the collection of a DNA sample from federal and military offenders. In accordance with that notification, you are hereby instructed to report for submission of DNA on:

**Date/Time:**   Thursday, June 30, 2005 @ 2:30 p.m.

**Location:**   John Foster Williams Building  
408 Atlantic Avenue, 4th Floor  
Boston, MA 02210  
(617) 748-9188

Please be advised that the DNA testing protocol involves the drawing of a blood sample by a registered nurse as well as fingerprinting by a member of the U.S. Probation Office. Failure to comply with this directive may result in adverse action.

Directions to the Williams Building are enclosed. Should you have any questions, please contact me at (978)687-2796.

Sincerely,

Carmen P. Wallace  
U.S. Probation Officer

CPW/jh

Enclosure