UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTIN BOROIAN, <br>     Plaintiff, <br><br> v. <br><br> U.S. PROBATION DEPARTMENT <br> and U.S. PROBATION OFFICER <br> CARMEN PENA WALLACE, <br>     Defendants. | C.A. No. 05-11373-GAO |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

Defendants United States Probation Department and United States Probation Officer Carmen Pena Wallace (collectively, the "Defendants"), hereby oppose the Motion for Default filed by plaintiff Martin Boroian ("Motion"), filed on or about November 10, 2005. As grounds for this Opposition, the undersigned counsel for Defendants asserts that there are extenuating circumstances for the requested extension, and further, that there are meritorious, jurisdictional defenses to Plaintiff's underlying complaint. Specifically, Plaintiff has failed to comply fully with the service requirements relative to complaints against federal agencies, and the grounds for the Complaint are now moot.

    1. On June 27, 2005, plaintiff Martin Boroian filed a *pro se* complaint seeking an order from this Court directing Defendants to withdraw their June 8, 2005, order for Plaintiff to submit to DNA testing in Boston, Massachusetts, on June 30, 2005. (See this Court's Memorandum and Order, dated July 5, 2005.)

2. On June 30, 2005 –just three days after filing his Complaint –Plaintiff **voluntarily appeared and provided both his DNA and fingerprints on June 30, 2005**. Accordingly, Plaintiff voluntarily appeared and as the date contemplated in the Complaint (i.e., June 30, 2005) has elapsed, the complaint is now moot and should be dismissed for lack of subject matter jurisdiction.[1]

3. According to Plaintiff's Return of Service, filed October 14, 2005, Defendant Probation Officer Wallace was served on October 6, 2005.  (See Docket Entry 6.)  The Return of Service was electronically entered on October 17,2005. (Id.)

4. According to Plaintiff's Return of Service, filed October 14, 2005, Defendant United States Probation Department was served on October 6, 2005.  (See Docket Entry 7.)  The Return of Service was electronically entered on October 17,2005. (Id.)

5. Plaintiff never served either the U.S. Attorney's Office[2] or the Attorney General of the United States, as required by Fed. R. Civ. P. 4(i).  Nor is there any indication in the case docket that such service was either made or attempted.  (See Docket.)

6. On or about November 8, 2005, Plaintiff filed the Motion for Default that is the subject of this Opposition.  (See Docket Entry 8.)  The Motion was electronically entered on November 10,2005. (Id.)  To date, counsel for the Defendants has not received a copy of Plaintiff's Motion.

---

[1] On November 18, 2005, Defendants filed a Motion to Dismiss (and accompanying memorandum of law), which provides supporting case law for this argument. (See Docket Entries 9 and 10.)

[2] That said, counsel for the Defendant was informed of this matter by a representative of the U.S. Probation Office and by a clerk of this Court.

7.  Plaintiff alleges in the Motion that a default should enter against Defendants because more than "twenty days" has elapsed since he served the Complaint.  (See Motion.)  However, as an agency of the United States and as an agency employee acting in his official capacity, Defendants have <u>sixty</u> days from the date of service within which to respond to the Complaint.  As the Returns of Service reflect service dates of October 6, 2005, the sixty-day period does not expire until December 5, 2005.

8.  On November 18, 2005, Defendants electronically filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Memorandum of Law in Support thereof.  (See Docket Entries 9 and 10.)  It was during the electronic filing process that counsel for the Defendants discovered that Plaintiff had filed a Motion for Default, whereupon counsel immediately drafted the instant Opposition.

For the reasons stated herein, Defendants request that the Court deny Plaintiff's Motion for Default.

Respectfully submitted,

UNITED STATES PROBATION DEPT. &
UNITED STATES PROBATION OFFICER
CARMEN PENAL WALLACE,

By their attorney,

MICHAEL J. SULLIVAN
United States Attorney
<u>/s/ Gina Walcott-Torres</u>
By:  Gina Walcott-Torres
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

**REQUEST FOR WAIVER OF COMPLIANCE WITH RULE 7.1(A)(2) CERTIFICATION**

      The undersigned counsel hereby requests that the requirements pursuant to Local Rule 7.1(A)(2) be waived. As grounds therefore, counsel asserts that the plaintiff in this matter is acting *pro se*.

                                        /s/ Gina Y. Walcott-Torres
                                        Gina Y. Walcott-Torres
                                        Assistant United States Attorney