MARTIN BOROIAN
  PLAINTIFF

  V.

U.S. PROBATION DEPARTMENT
AND U.S. PROBATION OFFICER
CARMEN PENA WALLACE,
  DEFENDANTS

C.A. NO. 05-11373-GAO

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

Plaintiff Martin Boroian hereby opposes the motion to dismiss filed by the Defendants, on or about November 18, 2005. As grounds for this opposition, the Plaintiff asserts that he will prove that he was never mailed a copy of the Defendant's opposition motion to dismiss the Plaintiff's motion for default.

Plaintiff also states that he complied fully with the service requirements relative to complaints against federal agencies.

Plaintiff asserts also that grounds for the complaint are not moot.

I. On June 27, 2005, Plaintiff Martin Boroian filed a pro se complaint seeking an order from this court directing Defendants to withdraw their June 8, 2005, order for Plaintiff to submit to DNA testing in Boston, Massachusetts, on June 30, 2005.

(1)

II. On June 30, 2005, Plaintiff states that he complied with the June 8, 2005 order of the U.S. District Court, District of Mass. Probation office, because it clearly states on the June 8, 2005 order, that failure to comply with this directive may result in <u>adverse action</u>.

The legislation which was passed by the U.S. Congress, regarding Section 203 of Public Law 108-405, that orders the collection of a DNA sample clearly states that <u>failure</u> to <u>cooperate</u> in the collection of a DNA sample <u>shall</u> be A. <u>Guilty</u> of a class (A) misdemeanor and (B) <u>punished</u> in accordance with title 18.

Plaintiff states that he always has complied with every court order. Plaintiff was under the threat and coercion of the above non-compliance with the order to submit to a DNA sample.

For the Assistant U.S. Attorney to state on their filing, page 2 of 4, that the Plaintiff <u>voluntarily</u> applies and provides both his DNA sample and a set of his fingerprints to the F.B.I. on June 30, 2005, is a <u>misstatement</u>.

III. Plaintiff states that he was never mailed or received the copy, (which is required by court rules of service), upon parties involved in cases before the U.S. courts. The <u>defendants</u> <u>were</u> <u>required</u> by U.S. court rules to serve upon the plaintiff a copy of their <u>motion</u> <u>to</u> <u>dismiss</u> the plaintiff's default motion.

(II)

IV. Plaintiff states that his case is not moot because there is subject matter jurisdiction for this court to decide.

Plaintiff states that in his original complaint, which the court has, Plaintiff stated that such testing, was not specifically ordered by the U.S. sentencing judge or delegated to the U.S. Probation Dept. Plaintiff further alleges that the timing of the order for a DNA sample was made by the defendants at such a late date to deny the Plaintiff a meaning opportunity to legally challenge the defendant's order.

Plaintiff further asserts that there is no individualized suspicion of wrongdoing to justify the order for a DNA sample. Plaintiff lastly states that he did not commit any of the violent crimes encompassed in 42 U.S.C. § 14135a. Plaintiff became ill from the shame and humiliation of undergoing the process of submitting DNA samples and F.B.I. fingerprinting.

**IV continued**

Plaintiff states that the Defendant's not only violated his IV Amendment right against unreasonable search and seizure, as contained in the U.S. Constitution, Bill of Rights, but that the Defendants violated 42 USCA § 14135a, regarding the amendments of 42 USCA §, as to whom and what crimes <u>must</u> be committed before a person must submit to DNA testing.

Plaintiff also asserts that by submitting to the order to submit to DNA testing and FBI fingerprinting, plaintiff <u>did not give up his right</u> to appeal to a U.S. District Court, and if needed to appeal to a U.S. Court of Appeals, and if necessary to the U.S. Supreme Court in Washington, D.C.

Plaintiff states that as a citizen of the U.S., I did suffer actual U.S. Constitutional violations of my IV Amendments Rights, as contained in the U.S. Bill of Rights, in the U.S. Constitution.

I state that no agent of the U.S. Government has the right to violate a U.S. citizens Rights as contained in the Bill of Rights.

Plaintiff states that I also suffered physical and emotional injury. Plaintiff has multiple medical conditions. Some of the conditions are life threatening. I have ended up in hospital emergency rooms many times. I have a heart condition among other medical conditions

V

X. Plaintiff also asserts that where in the U.S. criminal code or where in the rules of court rules and regulations does it state that there is a time period, when a petitioners civil and U.S. constitutional rights, have been violated by an agency of the U.S. government. The reason for the (4), four month time lapse is because of inaction by the defendants and their counsel.

Plaintiff also asserts that by what U.S. law authority, do the defendants and their counsel have to assert that the Plaintiff's case <u>must</u> be dismissed.

(See page (4) four of the defendants document. 10-1)

Plaintiff was under the impression that only a judge and a jury can dismiss a case.

Plaintiff in conclusion, states that there subject matters for this court to decide; and that this court does have jurisdiction.

Respectfully submitted
By Martin Boranian "Pro Se"

Martin Boranian
121 N. Main Street
Andover, Mass. 01810
Tel# 1 (978) 470-0571

VI

RE: 1:05-cv-11373-GAO

## CERTIFICATE OF SERVICE

I, MARTIN BORONAN CERTIFY THAT I MAILED A COPY OF AN OPPOSITION MOTION AND A STATEMENTS OF FACTS AND ANSWER TO THE DEFENDANT'S COUNSEL'S MOTION TO DISMISS.

BY MAILING A COPY OF THE PLAINTIFF'S OPPOSITION AND STATEMENTS OF FACTS TO THE DEFENDANT'S COUNSEL, BY FIRST CLASS MAIL, CERTIFIED MAIL, RETURN RECEIPT, TO THE NAME AND ADDRESS BELOW

THE UNITED STATES ATTORNEY'S OFFICE
UNITED STATES COURTHOUSE,
JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
1 COURTHOUSE WAY - SUITE 9200,
BOSTON, MASSACHUSETTS. 02210

RESPECTFULLY SUBMITTED
BY Martin Boronan
121 N. MAIN STREET
ANDOVER, MASS. 01810
TEL.# 1 (978) 470-0571

CC: U.S. DISTRICT COURT CLERK'S OFFICE.

VII