UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN BOROIAN, Plaintiff )<br>)<br>v. )<br>)<br>ROBERT S. MUELLER, III, Director, )<br>Federal Bureau of Investigation, Carmen<br>P. Wallace, United States Probation<br>Officer and U.S. PROBATION<br>DEPARTMENT, Defendants | CIVIL ACTION NO. 05-11373-GAO |

<u>AMENDED COMPLAINT</u>

Pursuant to Rules 3 and 8 of the Federal Rules of Civil Procedure, plaintiff Martin Boroian states the following complaint against the Defendants.

INTRODUCTION

Martin Boroian is a former United States probationer. During his term of supervision, his probation officer ordered him to submit to collection of his DNA pursuant to the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 1435b (DNA Act ) for inclusion in the Federal Bureau of Investigation's (FBI) Combined DNA Index System (CODIS). Mr. Boroian's DNA was collected, a profile of his DNA was created, and both the DNA sample and profile remain in CODIS.

Because the retention and analysis of his DNA sample and profile deprive Mr. Boroian of rights guaranteed him by the Fourth Amendment to the United States Constitution, he requests that this Court order injunctive relief requiring the government to expunge his DNA sample and profile from CODIS and any other government database, and to destroy his DNA sample and profile.

Mr. Boroian has contemporaneously filed a Memorandum of Law In Support of Amended Complaint that is incorporated by reference herein.

## PARTIES

1. Martin Boroian is a resident of Andover, Massachusetts and a former federal probationer.

2. Defendant Robert S. Mueller, III is the Director of the Federal Bureau of Investigation. In his official capacity, he directs the Federal Bureau of Investigation's administration of the Combined DNA Index System.

3. Defendants United States Probation Office, District of Massachusetts and Carmen P. Wallace, United States Probation Officer, acting in their official capacities, monitored Mr. Boroian during his probationary period and ordered him to permit the collection of his DNA.

## JURISDICTION AND VENUE

4. Mr. Boroian seeks to vindicate rights protected by the Constitution of the United States. This Court accordingly has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331.

5. This is a civil action in which Defendants are an agency, and officers and employees of agencies, of the United States, acting in an official capacity and under color of legal authority. A substantial part of the events giving rise to Mr. Boroian's claim occurred within the District of Massachusetts. No real property is involved in this action. Venue is therefore appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(e).

FACTUAL BACKGROUND

6. Martin Boroian is a resident of Andover, Massachusetts. On July 13, 2004, Mr. Boroian was convicted in the United States District Court for the District of Vermont of one count of Making a False Statement in violation of 18 U.S.C. §1001(a)(2). He was sentenced to one year of probation and $100 special assessment. The sentencing judge did not himself order the collection of Mr. Boroian's DNA, nor did he delegate the authority to collect Mr. Boroian's DNA to the Department of Probation. Probation was transferred to the District of Massachusetts

7. On June 8, 2005, approximately one month before the scheduled expiration of his probationary term on July 12, 2005, Mr. Boroian received a letter from Carmen Wallace, writing in her capacity as a United States Probation Officer for the District of Massachusetts, ordering him to submit, pursuant to the DNA Act, to the collection of his DNA.

8. The DNA Act authorizes probation officers to collect DNA samples from probationers, parolees, and those on supervised release who have been convicted of a qualifying federal offense. The federal felony committed by Mr. Boroian, Making False Statements, is a qualifying offense under the DNA Act. 42 U.S.C. §14135a(d). 42 U.S.C. § 14135a(a)(2). After collection, the DNA samples are furnished to the Director of the Federal Bureau of Investigation "who . . . carr[ies] out a DNA analysis on each such DNA sample and includes the results in CODIS." 42 U.S.C. 14135a(b).

9. On June 27, 2005, Boroian responded to Officer Wallace's order by filing a pro se complaint in this Court, seeking an order directing the defendants to withdraw their demand that he submit to DNA collection. Meanwhile, because he did not wish to suffer the consequences of refusing Wallace's order, he complied with the command and submitted to the DNA collection

on June 30, 2005 in Boston, Massachusetts.

10. Under the DNA Act, the DNA sample that Mr. Boroian provided, and the DNA profile generated from it, will be retained by the government in perpetuity. The stated purpose of this permanent retention is to facilitate the use of Mr. Boroian's DNA sample and profile in the investigation and prosecution of past and future crimes.

11. Mr. Boroian is not to his knowledge a suspect in any past or inchoate crime, nor has the government suggested that he is. There is thus no individualized suspicion of completed or nascent criminal activity to support the retention and analysis by the government of Mr. Boroian's DNA sample and profile.

12. Mr. Boroian successfully completed his term of probation on July 12, 2005.

13. There are no administrative procedures permitting Mr. Boroian to challenge the defendants' retention and analysis of his DNA sample and profile. Thus, an order of injunctive relief from this Court is necessary to prevent the continuing violation of rights guaranteed Mr. Boroian by the Fourth Amendment.

CLAIMS FOR RELIEF

Fourth Amendment Violation

14. Mr. Boroian hereby realleges and incorporates by reference Paragraphs 1 through 13 above, as well as his contemporaneously filed Memorandum of Law In Support of Amended Complaint. Defendants' continued retention and analysis of Mr. Boroian's DNA sample and DNA profile violate the Fourth Amendment to the United States Constitution because they are a nonconsensual seizure and search(es) of his person in the absence of any individualized suspicion

of criminal activity, as determined by a neutral magistrate, that would justify these invasions of his reasonable expectation of privacy.

## PRAYERS FOR RELIEF

WHEREFORE, Martin Boroian respectfully requests that this Court:

(a)   Continue to exercise jurisdiction over this matter;

(b)   Order the defendants to expunge Mr. Boroian's DNA sample and profile from CODIS and any other government database;

(c)   Order the defendants to destroy Mr. Boroian's DNA sample and profile; and

(d)   Award such other and further relief as this Court deems just and proper.

MARTIN BOROIAN
By his attorney,

/s/ Judith Mizner
Judith Mizner
  B.B.O. #350160
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

March 11, 2008.

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 11, 2008.

/s/ Judith Mizner
Judith Mizner